## Treegoob v. Cohen

*Stuart R. Silver*, for plaintiffs.

*Joseph A. Venuti Jr.*, for defendant Nationwide Insurance Company.

*Andrew Fylypovych*, for defendant Paul Cohen.

LEHRER, *J.*, November 24, 1987—Before the court is a motion for summary judgment brought by defendants Paul Cohen and Nationwide Insurance Company. Upon consideration of defendants' plead-

ings, and any responses thereto, and for the reasons herein stated, said petition will be granted.

The facts giving rise to the issue before us are as follows:

In May 1976, Robert Treegoob, a minor, was struck and killed by a motor vehicle driven by Michael Robbins, son of Jack Robbins. Said vehicle was owned by Jack Robbins and Associates[1] and at the time of the accident, it was being operated in the course of the owner's business. JRA was insured by Nationwide Mutual Insurance Co. with limits of $1000.

Robert's parents, plaintiffs herein, brought an action to which Nationwide provided a defense. Nationwide declined, however, to participate in the agreement or settlement which was ultimately reached.

A judgment for $700,000 was entered against Michael Robbins only. By agreement, no judgment was entered against JRA, the named insured. Plaintiffs agreed not to execute on the judgment against Michael Robbins.

In exchange, JRA assigned to plaintiffs its claimed right of action against its insurance agent, Paul Cohen, and Nationwide for failing to properly advise him with respect to adequate liability insurance coverage for its business vehicles. The court herein notes that the assignment was not an assignment of rights in contract under the policy. In 1983, the instant action was brought by plaintiffs' sounding in tort under the aforesaid assignment against Paul Cohen and Nationwide.

Defendants moved for summary judgment citing the following as a legal basis: The assignment is one

---

1. Although the record is not entirely clear, it appears that Jack Robbins is the principal owner if not the sole owner of JRA, an unincorporated entity.

of a malpractice claim and as such it is against public policy. Additionally, the assignor has suffered no damage since no judgment was entered against it. These two arguments are interrelated in the public policy aspect.

Both parties cite *Barr v. General Accident,* 360 Pa. Super. 334, 520 A.2d 485 (1987) as support for their position. The facts of the instant case are, however, distinguishable from the *Barr* case and the cases cited therein.

In the *Barr* case plaintiff brought an action against the manufacturer for injuries received while operating a machine. The insurer in that case undertook a defense but then subsequently denied coverage on the basis that the manufacturer's policy did not include a certain kind of coverage. Plaintiff reached an agreement with the manufacturer-insured and took an assignment under the manufacturer's rights against the insurer and brought suit.

The Superior Court in the *Barr* case held that such an agreement was valid and that plaintiff could seek recovery of judgment in an action against the insurer for failure to provide adequate coverage and failure to defend the insured.

The *Barr* opinion recognized a principle first discussed in *Gray v. Nationwide Insurance Co.,* 422 Pa. 500, 223 A.2d 8 (1966) that the practice of assigning claims or a bad faith refusal to settle is widespread and that the view that such claims are assignable is accepted in a majority of jurisdictions. *Barr* and *Gray* dealt with an assignment based on a refusal to settle in good faith and the situation where an insurer denies coverage and refuses to defend.

The instant case, however, is distinguishable from both *Barr* and *Gray,* supra. (This court agrees as it must with the soundmen of the *Barr* rationale.)

The judgment was entered not against the insured, but against the son of the insured (or prinicpal owner of the insured). The son here was obviously judgment-proof at the time the parties entered into the agreement. Moreover, here, the action is fundamentally one in tort for failure to provide adequate coverage rather than whether a certain type of coverage was part of a contract for insurance.

It is unnecessary to state at any length the possibilities for fraud and incessant litigation that could ensue were *Barr* to be extended to the facts of this case. The insured herein, JRA, has been completely absolved from any responsibility for its tortious conduct — albeit vicarious. JRA not only will get the benefit of having no judgment against it, but JRA has also assigned a right of a very nebulous nature while protecting a tortfeasor who, in this case, is the son of assignor or principal owner of the assignor. If such is not a classic example of champerty, it is close to it.

The court sympathizes, as anyone would, with the plight of the parents who lost their child. We recognize that they can never be adequately compensated for their loss. However, the circumstances, as described above, compel the result herein.

Accordingly, an appropriate order will be issued.

## ORDER

And now, this November 24, 1987, upon consideration of the motion for summary judgment brought by defendants Paul Cohen and Nationwide Insurance Company, and any responses thereto, it is hereby ordered and decreed that said motion is granted.